## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION
## 5:13-CR-257-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER OF DETENTION PENDING** |
| | ) **TRIAL** |
| MAURICE QUINCY WILLIAMS, | ) |
| | ) |
| Defendant. | ) |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a Rocky Mount police officer assigned to a task force of the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented the testimony of the proposed third-party custodian, his aunt. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

### Background

Defendant was charged in a three-count indictment on 10 September 2013 with: possession with the intent to distribute a quantity of cocaine in violation of 21 U.S.C. § 841(a)(1) (ct. 1); use and carrying a firearm during and in relation to the drug trafficking crime charged in

count 1 and possession of the firearm in furtherance of such drug trafficking crime in violation of 18 U.S.C.§ 924(c)(1)(a) (ct. 2); and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924. The alleged offense date in each count is 25 July 2012.

The evidence presented at the hearing showed that on the alleged offense date defendant (age 23) was found by police in possession of the handgun subject to the indictment, a bag of powdered cocaine, and four ecstasy pills while seated in the front passenger seat of a car parked in the lot of a convenience store in Rocky Mount. Police suspected that the car was involved in illegal activity, and the parking lot area is known for drug-trafficking activity. A smell of marijuana emitted from the car that became stronger when defendant stepped out of it. Police also found a digital scales in the car. Defendant admitted to officers that he had bought the handgun on the street, that he had been selling "dope" but wanted to stop after a couple more months, and that the scales were his.

Defendant had previously been convicted of felony attempted trafficking in cocaine, for which he served almost nine months of imprisonment, ending on 10 December 2011, less than eight months prior to the instant alleged offenses.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the gun- and drug-related nature of the offenses charged; the circumstances of the offenses charged, including his purchase of the firearm on the street, its

2

association with his drug trafficking, and his commission of the alleged offenses less than eight months after a term of imprisonment for his felony drug conviction; defendant's criminal record, including the one felony conviction, one misdemeanor conviction, and failures to appear in June and July 2013 on driving while revoked charges; the danger of continued drug-trafficking and related gun possession by defendant if released; defendant's history of depression and marijuana use; the unsuitability of the proposed third-party custodial arrangement due to presence of the proposed custodial home in the same community in which defendant committed the alleged offenses, the seemingly tenuous health condition of the proposed custodian, and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's lack of an extensive criminal record. It finds, however, that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

3

This, the 19th day of September 2013.

James E. Gates
United States Magistrate Judge